UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Randall L. Coopshaw,

    Plaintiff,

v.                                                                                  Case No. 05-72569

Lenawee County Sheriff's Office of                    Honorable Sean F. Cox
Lenawee County, Sheriff Larry Richardson
(In His Individual Capacity), Officer Dustin
Reckner, Officer Rodney Lippens, Officer
Thomas Popejoy, Officer Kirk L. Vernier,
and Officer Eric S. Westgate,

    Defendants.

_____/

**OPINION & ORDER GRANTING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

    This is a civil rights action under 42 U.S.C. §1983 brought by Plaintiff Randall Coopshaw ("Plaintiff") against several police officers and other related defendants following an incident on July 2, 2002, where he was assaulted by other inmates while he was in the Lenawee County Jail. The matter is currently before the Court on two motions for summary judgment brought by Defendants: one filed on April 28, 2006, and the second filed on September 12, 2006. For the reasons that follow, both motions shall be **GRANTED** and Plaintiff's complaint shall be dismissed.

**BACKGROUND**

    On June 28, 2005, Plaintiff filed this §1983 action against the following defendants: 1) the Lenawee County Sheriff's Office; 2) Lenawee County ("the County"); 3) Sheriff Larry

Richardson ("Sheriff Richardson"); 4) Officer Dustin Reckner; 5) Officer Rodney Lippens; 6) Officer Thomas Popejoy; 7) Officer Kirk Vernier and 8) Officer Eric Westgate.

Plaintiff's complaint asserts that Defendants violated his constitutional rights. Plaintiff asserts that on July 2, 2002, he was booked in the Lenawee County Jail on a parole detainer. He claims that shortly after being booked, the officers locked him in cell block 3M1 with as many as 11 other individuals. He claims that he was viciously beaten by several inmates in the cell block and that after Defendants removed him from the cell block they put him into another cell block and he did not receive medical attention until later that day. Plaintiff claims he sustained physical injuries, including a head injury and fractures to his orbital and nasal bone.

Two separate motions for summary judgment filed by Defendants are currently pending before the Court. On April 28, 2006, Defendants filed a Motion for Summary Judgment in which they assert several grounds for relief. On September 12, 2006, a second "Motion for Summary Disposition By Defendants" was also filed asserting that: 1) Plaintiff's claims against the Sheriff's Department fail because it is not a legal entity capable of being sued and is not a "person" as defined under 42 U.S.C. §1983; and 2) Plaintiff's allegations of gross negligence fail to state a Fourteenth Amendment claim. Plaintiff did not file a response to this second motion.

The Court scheduled both motions to be heard on November 9, 2006. Although defense counsel appeared for the hearing, Plaintiff's counsel did not appear at the November 9, 2006 hearing. Given that Plaintiff's counsel did not appear at the hearing, the Court did not believe that proceeding with oral argument would be beneficial. The Court therefore indicated on the record at the hearing that the motions would be decided on the briefs submitted.

Standard of Decision

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

## ANALYSIS

### I.   April 28, 2006 Motion for Summary Judgment

As an initial matter, in responding to Defendants' April 28, 2006 Motion, Plaintiff asserts that the motion is "premature" because Plaintiff has been unable to take meaningful discovery in this action. Plaintiff claims that because Defendants filed a Motion in Lieu of First Responsive Pleading, Plaintiff did not have the benefit of an early answer showing which allegations were admitted and which were denied. Plaintiff claims he has limited resources and could not conduct meaningful discovery before the answer was filed.

Defendants respond by noting that discovery was open for nine full months (June 28, 2005 to March 31, 2006) but assert that Plaintiff simply never bothered to take any discovery. Defendants claim that nothing prevented Plaintiffs from taking discovery and that Plaintiffs have

failed to answer Defendants' discovery requests in this action.

The incident at issue in this case took place in 2002 and this case has been pending since June 2005. Plaintiff has failed to establish that he could not have taken discovery in this matter during the time permitted and Plaintiff never filed a motion seeking an extension during discovery. Moreover, Defendants' multiple defenses were presented in their first responsive pleading and if Plaintiff wanted to know all affirmative defenses, or which factual allegations were admitted or denied, he could have asked for such information in interrogatories or requests for admission. Plaintiff's belated request for a continuance and additional discovery is therefore denied.

In the Motion for Summary Judgment that Defendants filed on April 28, 2006, Defendants established that they are entitled to summary judgment on multiple grounds as discussed below.

**A.      Plaintiff Cannot Establish Deliberate Indifference.**

Plaintiff alleges that Defendants violated his constitutional rights by: 1) placing him in a cell with known violent inmates and failing to protect him from the assault; and 2) failing to provide him with prompt medical care following the assault. In order to proceed with either claim, Plaintiff must establish that Defendants acted with "deliberate indifference."

Defendants assert that they are entitled to summary judgment because Plaintiff cannot establish the requisite deliberate indifference that he needs to establish in order to show a constitutional violation.

With respect to failing to protect him from the assault, Defendants assert that liability can only occur when the officer knows of a risk of serious harm and deliberately ignores the risk.

*Farmer v. Brennan*, 511 U.S. 825 (1994). They further assert that Plaintiff has the burden of showing that each individual Defendant knew that he was at a genuine and specific risk of serious harm by a person or group, citing *Depauw v. Pearson*, 1996 U.S. Dist. LEXIS 1314 (W.D. Mich. 1996).

Defendants then state that Plaintiff was assaulted here because he smuggled cigarettes into the cell block. They state they did not know that Plaintiff had smuggled in the cigarettes and that they knew of no previous altercations between inmates over smuggled cigarettes. They further state that, prior to the incident, there had been no previous altercations at the jail involving the inmates who assaulted Plaintiff. Thus, Defendants assert that Plaintiff cannot establish that they knew of any risk of serious harm to Plaintiff.

In *Depau*, the unpublished district court case that Defendants rely on, the district court noted that under *Marsh v. Arn*, 937 F.2d 1056, 1061 (6th Cir. 1991), the risk must be "genuine and specific." In *Street v. Corrections Corp. of America*, 102 F.3d 810, 815 (6th Cir. 1996), however, the Sixth Circuit acknowledged that "[t]o the extent that *Marsh* required a showing of 'specific risk,' it is inconsistent with *Farmer*." It further stated that:

> To the extent that *Marsh* allowed a plaintiff to prove an Eighth Amendment violation by means of showing a 'pervasive risk of harm,' it is consistent with *Farmer*'s requirement of a showing of a 'substantial risk of serious harm:"
> For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, *pervasive*, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.'

*Id.* (Emphasis in original).

Here, Plaintiff has not responded to this ground for relief and therefore has not provided any evidence to establish that he faced a "pervasive risk of harm." That is, he has not provided any evidence to establish that there was any history of inmate attacks by the offenders or others.

With respect to the claim that they failed to provide prompt medical care, Defendants assert that claim fails because Plaintiff cannot establish that there was any real delay or that any delay had a detrimental effect on Plaintiff. Defendants rely on *Vaughn v. City of Lebanon*, 18 Fed. Appx. 252, 274 (6th Cir. 2001) and *Napier v. Madison County, Kentucky*, 238 F.3d 739 (6th Cir. 2001).

The test to determine if the officers acted with "deliberate indifference" has an objective and subjective component:

> The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious.' As the Supreme Court explained in *Farmer*, 'The inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.' To satisfy the subjective component, an inmate must show that prison officials had a 'sufficiently culpable state of mind.'

*Napier*, 238 F.3d at 742. The seriousness of the deprivation is examined by examining the effect of the delay in treatment. *Id.* An "inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.*

Defendants assert that here, Plaintiff cannot establish that any real delay in treatment occurred in the first place. Plaintiff's complaint asserts that he was placed in the cell block at "approximately 10:46 p.m." (Pls.' First Am. Compl. at ¶13) and he claims the assault took place shortly after that time. Defendant Reckner, who is a licensed emergency medical technician, submitted an affidavit in which he states that following the incident, Plaintiff was escorted out of

6

the cell block. (Reckner Affidavit, attached to Defs.' Reply, at ¶¶ 1 & 3). He further states that he then assisted in helping Plaintiff and medically evaluated him prior to calling an ambulance. (*Id*. at ¶ 2). Defendants further note that the Lenawee County Medical Control EMS Form shows that an ambulance was called at 11:11 p.m.. and arrived just minutes later. (Ex. A to Defs.' Motion).

Moreover, Defendants assert that Plaintiff cannot present any evidence to establish that the very short delay between the incident and treatment had any detrimental effect on Plaintiff. Defendants submit testimony from Dr. Nelson, the doctor who treated Plaintiff on the night of the incident. (Ex. O to Defs.' Br.). Dr. Nelson testified that the care provided to Plaintiff on the night of the incident consisted of providing ice packs and arranging for follow-up care because Plaintiff's injuries, while quite painful, "were relatively self-healing."

Because Plaintiff has not submitted any evidence to establish that the short delay in treatment had any detrimental effect on him, Plaintiff cannot establish the deliberate indifference that is required in order to establish a constitutional violation.

**B.     The Individual Defendants Are Entitled to Qualified Immunity.**

As an additional ground for relief, the individual defendants assert that they are entitled to qualified immunity.

"Under the qualified immunity doctrine, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Perez v. Oakland County*, __ F.3d __ (6th Cir. Oct. 18, 2006). In evaluating a qualified immunity defense, the court engages in a two-part analysis. The Court first determines

whether, on the facts alleged, the official violated a constitutional or statutory right. *Id*. at *8. "If the Plaintiff does not establish the violation of a constitutional or statutory right, the inquiry ends there and the official is entitled to immunity." *Id.*

Under the second step, the Court determines whether the right violated was "clearly established" at the time of the violation. *Id.* at *9. "The burden of showing that the right was clearly established 'rests squarely with the plaintiff.'" The relevant inquiry in determining if a right was clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. The plaintiff must show that the right was clearly established "in light of the specific context of the case, not as a broad general proposition." *Id.* "If reasonable officers could disagree about the lawfulness of the conduct in question, immunity must be recognized." *Id.* In order to determine if the law is clearly established such that a reasonable official could determine that his actions were unlawful, the court looks principally to the law of this circuit and the Supreme Court. For Plaintiff, this means that he must show that binding authority would have alerted reasonable people in the Defendant officers' position that their conduct was unlawful.

Defendants assert that assuming Plaintiff's complaint could show a constitutional violation, they would still be entitled to qualified immunity because to date, there is no caselaw upholding a deliberate indifference claim under facts similar to those presented here.

Plaintiff asserts that each of the Defendants should have been aware of the constitutionally protected right to prompt medical care. Plaintiff cites *Owensby v. City of Cincinnati*, 414 F.3d 596 (2005) as establishing Plaintiff's clearly established right to prompt medical care that was violated.

8

This case, however, is readily distinguished from *Owensby*. In *Owensby*, the Defendant officers beat the plaintiff thereby inflicting the injuries at issue. In addition, following the beating the officers placed the plaintiff in a car and gave him no medical attention despite the fact that they were aware that he was not breathing. Thus, assuming Plaintiff could meet the first step of the qualified immunity inquiry, Plaintiff has not met his burden of showing that binding authority would have alerted reasonable people in the Defendant officers' position that their conduct was unlawful. The individual officers are therefore entitled to qualified immunity.

C.     **There Is No Basis To Pursue Claims Against The County or Sheriff Richardson.**

Defendants assert that the claims against Sheriff Richardson must be dismissed based on the statute of limitations. They assert that because §1983 does not contain a limitations period, the state's analogous limitations period is applied and further assert that M.C.L. §600.5805(5) is the period that should be applied. That statute provides that the period of limitations is two years for actions charging malicious prosecution.

Defendants further assert that claims against Sheriff Richardson must be dismissed because there are no allegations of personal conduct by him. They assert that allegations concerning policies and customs are official capacity claims under *Lillard v. Shelby County*, 76 F.3d 716 (6th Cir. 1996). They further assert that he cannot be liable under a respondeat superior theory for a §1983 claim pursuant to *Monell v. Dep't of Social Security Svs*, 436 U.S. 658, 691-95 (1978).

Plaintiff contends that the appropriate statute of limitations is the general or residual personal injury statute of limitations in Michigan, which is 3 years. Plaintiffs rely on *Owens v. Okure*, 488 U.S. 235 (1989).

Plaintiff does not dispute that there are no allegations as to any specific conduct by Sheriff Richardson. Rather, Plaintiff asserts that the County and Sheriff Richardson authorized, permitted or tolerated policies and practices that establish a de facto policy of deliberate indifference to Plaintiff by placing nonviolent detainees with known violent predators.

As to the statute of limitations issue, Plaintiff is correct. In *Owens v. Okure*, the Supreme Court held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." Michigan's general or residual statute for personal injury actions provides that such actions can be filed within 3 years. M.C.L. §600.5805(10). Accordingly, Plaintiff had three years, not two years, to file this action. *Jones v. City of Allen Park*, 167 Fed. Appx. 398, 407 (6th Cir. 2006); *see also Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). The claims against Sheriff Richardson are therefore timely.

Although the claims are timely, the claims against Sheriff Richardson must nevertheless be dismissed. Plaintiff sued Sheriff Richardson in his individual capacity, not his official capacity. Claims alleging the creation of policies, customs and practices that form the basis of a §1983 claim are official capacity claims. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, while Plaintiff can assert such a claim against the County[1], or

---

[1] If Plaintiff intended to assert this claim against the County, Plaintiff has failed to make the requisite showing to proceed on this claim. The Sixth Circuit has stated that to satisfy the *Monell* requirements for liability based on a policy, the plaintiff must "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993). Here, Plaintiff has submitted no evidence to establish an unconstitutional policy, nor any evidence to connect it to the County or the particular injury incurred.

10

against Sheriff Richardson in his official capacity, Plaintiff has presented no authority establishing that he can maintain such a claim against Sheriff Richardson in his individual capacity.

In addition, Sheriff Richardson cannot be held liable under a respondeat superior theory. *Lillard v. Shelby County Bd. of Education*, 76 F.3d 716, 727 (6th Cir. 1996). "A supervisory employee cannot be held liable under §1983 for the constitutional torts of those he supervises unless it is shown that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* Here, there are no allegations, and no evidence to establish, that Sheriff Richardson encouraged the specific incident or participated in it in any way. Accordingly, Plaintiff's claims against Sheriff Richardson must be dismissed.

**D.     There Is No Official Capacity Claim Against The County.**

Defendants state that if Plaintiff intended to retain the County as a Defendant,[2] then Plaintiff's claim against the County fails because there is no liability for a municipality where there is no constitutional violation by an individual officer. *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).

The Court agrees that under *Waktins*, if Plaintiff cannot establish a constitutional violation by any of the individual defendants, he has no claim against the county. In addition, as discussed in footnote 1, Plaintiff's official capacity claim against the County fails because has not made the requisite showing under *Garner*.

Accordingly, Defendants' April 28, 2006 Motion for Summary Judgment shall be

---

[2] Plaintiff's Amended Complaint deleted the County from the case caption but retained it in the body of the complaint.

granted.

## II. September 12, 2006 Motion for Summary Judgment

**A.** **Plaintiff's Claims Against The Sheriff's Office Fail Because It Is Not A Legal Entity Capable Of Being Sued And Is Not A "Person" Under §1983.**

Defendants note that Plaintiff deleted the County from the caption, but retained the Sheriff's Office as a Defendant. Defendants assert that Plaintiffs' claims against the Sheriff's Office fail because it is not a legal entity capable of being sued, relying on *Hughson v. County of Atrim*, 707 F.Supp. 304, 306 (W.D. Mich. 1988).

In *Hughson*, the Defendants asserted that the county sheriff's department and the county prosecutor's office are not legal entities capable of being sued. The Court agreed and explained that:

> Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or a prosecutor's office. Instead, the sheriff and the prosecutor are individuals, elected in accordance with constitutional mandates. Mich. Const. Art. 7, §4. Since the sheriff's department and the prosecutor's office do not exist, they obviously cannot be sued.

*Id.* Here, Plaintiff has sued the "Lenawee County Sheriff's Office." Because that is not a legal entity that can be sued, all claims against that defendant must be dismissed. *Id.; see also Vine v. County of Ingham*, 884 F.Supp. 1153, 1158 (W.D. Mich. 1995); *Winstead v. Eaton County Sheriff's Department*, 2006 WL 1997387 (W.D. Mich. 2006); *Bayer v. Almstadt*, 29 Mich. App. 171, 180 (1970).

Accordingly, Defendants' September 12, 2006 Motion for Summary Judgment shall also be granted.[3]

---

[3]In their September 12, 2006 Motion Defendants also note that Plaintiff's amended complaint still contains references to gross negligence and assert that, to the extent Plaintiff's

**CONCLUSION & ORDER**

For the reasons set forth above, **IT IS ORDERED** that Defendants' Motion for Summary Judgment filed on April 28, 2006 [Docket Entry No. 13] and Defendants' Motion for Summary Judgment filed on September 12, 2006 [Docket Entry No. 22] are hereby **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 14, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2006, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

claims are based on gross negligence, he fails to state a §1983 claim because "deliberate indifference" is the applicable standard.  Although Plaintiff did not file a response to this motion, Plaintiff's amended complaint clearly contains allegations that Defendants acted "with gross negligence and/or deliberate indifference, and a knowledge of a substantial risk of serious harm to Plaintiff."  Thus, Defendants are not entitled to summary judgment on this alternative ground for relief asserted by Defendants.