UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Randall L. Coopshaw,

    Plaintiff,

v.                                            Case No. 05-72569

Lenawee County Sheriff's Office of         Honorable Sean F. Cox
Lenawee County, Sheriff Larry Richardson
(In His Individual Capacity), Officer Dustin
Reckner, Officer Rodney Lippens, Officer
Thomas Popejoy, Officer Kirk L. Vernier,
and Officer Eric S. Westgate,

    Defendants.
_____/

## OPINION & ORDER

This is a civil rights action under 42 U.S.C. §1983 brought by Plaintiff Randall Coopshaw ("Plaintiff") against several police officers and other related defendants following an incident on July 2, 2002, where he was assaulted by other inmates while he was in the Lenawee County Jail. In an Opinion & Order dated November 14, 2006, the Court granted summary judgment in favor of Defendants. The matter is currently before the Court on Plaintiff's Motion for Relief from Judgment, brought pursuant to FED. R. CIV. P. 60(b). The Court finds that the issues have been adequately presented in Plaintiff's brief and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. For the reasons that follow, Plaintiff's Motion for Relief from Judgment will be **DENIED**. Nevertheless, in the interests of justice, the Court will grant Plaintiff leave to file a

brief in Response to Defendant's September 12, 2006 Motion for Summary Judgment, and the Court will reconsider its rulings regarding same after reviewing that brief.

## BACKGROUND

On June 28, 2005, Plaintiff filed this §1983 action against the following defendants: 1) the Lenawee County Sheriff's Office; 2) Lenawee County ("the County"); 3) Sheriff Larry Richardson ("Sheriff Richardson"); 4) Officer Dustin Reckner; 5) Officer Rodney Lippens; 6) Officer Thomas Popejoy; 7) Officer Kirk Vernier and 8) Officer Eric Westgate.

On April 28, 2006, Defendants filed a Motion for Summary Judgment in which they asserted several grounds for relief. Plaintiff's counsel electronically filed a Response to that motion on May 19, 2006.

On September 12, 2006, a second "Motion for Summary Disposition By Defendants" was also filed by Defendants asserting that: 1) Plaintiff's claims against the Sheriff's Department fail because it is not a legal entity capable of being sued and is not a "person" as defined under 42 U.S.C. §1983; and 2) Plaintiff's allegations of gross negligence fail to state a Fourteenth Amendment claim. Plaintiff did not file a response to this second motion.

The Court scheduled both motions to be heard on November 9, 2006. Although defense counsel appeared for the hearing, Plaintiff's counsel did not appear at the November 9, 2006 hearing. Given that Plaintiff's counsel did not appear at the hearing, the Court did not believe that proceeding with oral argument would be beneficial to the Court. The Court therefore indicated on the record at the hearing that the motions would be decided on the briefs submitted. (*See* Docket, Minute Entry Dated 11/9/06).

The Court decided both motions on the briefs submitted and, in an Opinion and Order

dated November 14, 2006, the Court granted summary judgment in favor of Defendants and dismissed Plaintiff's complaint.

Although a judgment has not yet been entered in this action, on November 29, 2006, Plaintiff filed a two-page Motion for Relief from Judgment, brought pursuant to FED. R. CIV. P. 60(b)(1) & (6).

## **ANALYSIS**

In the instant motion, Plaintiff's counsel states that "[o]n November 9, 2006, Counsel for Plaintiff first received notice that this case had been dismissed with prejudice after a November 11, 2006 hearing was held on Defendants' motion for summary disposition [sic]." (Pl.'s Motion at 1). Counsel claims that, for reasons unknown, she did not electronically receive Defendants' September 12, 2006 Motion for Summary Judgment or the notice of hearing relating to that motion, both of which were sent to her via the Court's ECF system. Plaintiff claims that he was thereby denied due process because he was not able to respond to the arguments raised in Defendant's September 12, 2006[1] motion.[2]

The November 14, 2006 Opinion & Order, like Defendants' motions for summary judgment and all filings in this case, was filed via the Court's mandatory "ECF" (electronic filing) system. Under the Local Rules for the Eastern District of Michigan, all papers filed after

---

[1] Plaintiff filed a Response to Defendants' April 28, 2006 Motion for Summary Judgment.

[2] In support of her assertion that she did not receive such filings, Plaintiff's counsel submitted an affidavit from her legal assistant, Jyothi Pallapothu, stating that she did not receive the filings. Notably, however, *Plaintiff's counsel* is required to register for e-filing in this case and there is no affidavit from Plaintiff's counsel regarding when Plaintiff's counsel received the filings at issue.

November 30, 2005, must be filed electronically. *See* Local Rule 5.1.1.[3] Accordingly, the electronic filing requirements went into effect during this case.

Although on December 6, 2005, Plaintiff's counsel was notified in writing of her failure to comply with Local Rule 5.1.1, Plaintiff's counsel later registered as a Filing User and electronically filed Plaintiff's Response to Defendants' April 28, 2006 Motion for Summary Judgment.

The Court has serious doubts as to counsel's claims that she did not receive the filings at issue in this matter. In addition, although all Filing Users are required to have a PACER account, under which they can receive copies of any filed papers at a very nominal charge (*see* Elect. Filing Policies & Procedures R3(d)), Plaintiff's counsel and/or her staff have been contacting this Court's Docket Manager and the Clerk's Office asking that she be provided paper copies of multiple papers filed in this action at the Court's expense. Plaintiff's counsel and her staff are hereby directed to obtain any copies of filings in this matter that they desire via Plaintiff's counsel's PACER account.

Moreover, in the instant motion, Plaintiff does not discuss the merits of the grounds for relief asserted in Defendants' September 12, 2006 Motion for Summary Judgment or even assert that he could have made a successful argument in opposition had he filed a Response Brief to

---

[3]"The local rules, the court's ECF Policies and Procedures (Appendix ECF to these rules), and court orders govern papers filed by electronic means." *Id*. All papers filed in a case are served through the court's electronic transmission facilities as authorized by the court's ECF Policies and Procedures, and all filings in a case are automatically transmitted to each party in the case registered as a filing user. "Filing User" is a registered attorney who has a district court-issued login and password to file papers electronically over the Internet in the Eastern District of Michigan. *See* Eastern District of Michigan's Electronic Filing Policies and Procedures ("Elect. Filing Policies & Procedures") at R1(d).

that motion. Plaintiff also cites no authority that supports relief under Rule 60(b) under the circumstances presented here. The Court therefore concludes that Plaintiff has failed to establish that he is entitled to any relief under Rule 60 and this motion shall therefore be DENIED.

Nevertheless, in the interests of justice, the Court will allow Plaintiff to file a Response Brief in opposition to Defendants' September 12, 2006 Motion for Summary Judgment. If Plaintiff elects to file such a brief, the brief: 1) must be filed by December 29, 2006; 2) must address only the issues contained in Defendants' September 12, 2006 Motion for Summary Judgment; and 3) must be 20 pages or less, as set forth in Local Rule 7.1. No further briefing shall be allowed by either party without leave of Court. If a timely Response Brief is filed by Plaintiff, the Court will reconsider its November 14, 2006 Opinion & Order in light of the arguments and authority set forth in Plaintiff's Response Brief, and will modify the Opinion & Order if appropriate.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Rule 60(b) Motion [Docket Entry No. 29] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE** to file a Response to Defendant's September 12, 2006 Motion for Summary Judgment [Docket Entry No. 22]. If filed, Plaintiff's Response Brief must be filed by December 29, 2006, and must be no longer than 20 pages.

**IT IS SO ORDERED**.

S/Sean F. Cox
SEAN F. COX
Dated: December 15, 2006                           UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Randall L. Coopshaw,

    Plaintiff,

v.                                                                                                  Case No. 05-72569

Lenawee County Sheriff's Office of                              Honorable Sean F. Cox
Lenawee County, Sheriff Larry Richardson
(In His Individual Capacity), Officer Dustin
Reckner, Officer Rodney Lippens, Officer
Thomas Popejoy, Officer Kirk L. Vernier,
and Officer Eric S. Westgate,

    Defendants.
_____/

## PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on December 15, 2006.

                                                    s/Jennifer Hernandez
                                                    Case Manager to
                                                    District Judge Sean F. Cox